NORTH MCALESTER COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6831.   Decided October 27, 1926.

Upon the evidence, *held*, that the petitioner and the Craig Coal & Mining Co. were affiliated during the year 1919.

*Chas. H. Garnett, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

deficiency results from the denial to the taxpayer of affiliation with the Craig Coal & Mining Co., of McAlester, Okla.

### FINDINGS OF FACT.

The petitioner is an Oklahoma corporation with its principal office at McAlester. It was organized January 28, 1914, with a capital stock of $50,000 par value, and is engaged in the business of mining coal. The Craig Coal & Mining Co., also a mining company, was incorporated under the laws of Oklahoma on February 19, 1917, with a capital stock of $55,000 par value.

The corporations mentioned at all times had the same officers and occupied the same offices, and the employees of the North McAlester Coal Co. performed the necessary duties for both corporations. The expenses were not allocated but were arbitrarily divided.

At the beginning of the taxable year the stockholdings were as follows:

| Name of stockholders. | Shares in North Mc-Alester Coal Co. | Per cent. | Shares in Craig Coal Co. | Per cent. |
|---|---|---|---|---|
| J. T. Griffin | 10 | 2 | 8⅗ | 1.6 |
| R. E. Jones | 10 | 2 | 41⅗ | 7.6 |
| D. H. Lenebaugh | 31⅖ | 6.3 | 25⅗ | 4.7 |
| J. H. Stewart | 20 | 4 | | |
| Clyde Stewart | 16 | 3.2 | | |
| W. Wilkinson | 153⅖ | 30.7 | 209 | 38 |
| W. E. Beaty | 250 | 51.8 | 231⅖ | 42.1 |
| R. S. Jones | | | 33 | 6 |
| Total | 500 | 100 | 550 | 100 |

At the close of the taxable year the stock was held as follows:

| Name of stockholders. | Shares in North Mc-Alester Coal Co. | Per cent. | Shares in Craig Coal Co. | Per cent. |
|---|---|---|---|---|
| W. E. Beaty | 299⅔ | 59.9 | 156⅔ | 28.4 |
| G. A. Riedt | 70 | 14 | 143⅗ | 26.1 |
| J. G. Davis | 30 | 6 | 30 | 5.5 |
| Allen Wright | 50⅙ | 10.1 | 93 | 16.9 |
| J. H. Baker | 50 | 10 | 94 | 17.1 |
| R. S. Jones | | | 33 | 6 |
| Total | 500 | 100 | 550 | 100 |

Of the group of stockholders as of the beginning of the year, Clyde Stewart and J. H. Stewart were father and son, while R. E. Jones and R. S. Jones were brothers-in-law. Of the group of stockholders as of the close of the year, W. E. Beaty and J. G. Davis were brothers-in-law.

For two months, from February to April, 299⅓ shares of stock in the North McAlester Coal Co. belonging to W. E. Beaty stood in the name of one J. S. Puterbaugh and two of his employees as collateral for a loan. The transfer was made on the books of the corporation in order to give Puterbaugh the right to vote the stock in the event anything should happen to Beaty. No such contingency arose and when the loan was repaid in April the stock was canceled and new certificates issued to Beaty.

The funds of the Craig Coal & Mining Co. were handled by and through the North McAlester Coal Co., the former company being credited by the latter with all moneys received and debited for a share of expenses and all sums advanced for payment of royalties or otherwise. In 1923 the assets of the Craig Coal & Mining Co. were sold for $4,000, which was paid to the North McAlester Coal Co., and the latter company charged off as a loss approximately $7,000 still due from the former.

OPINION.

GREEN: Section 240(b) of the Revenue Act of 1918 reads as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

That substantially all of the stock of the North McAlester Coal Co. and of the Craig Coal & Mining Co. was owned within a limited group of stockholders is beyond question. At the beginning of the taxable year, 464 out of 500 shares, or 92.8 per cent, of the stock in the North McAlester Coal Co. was owned by the same group of stockholders who owned 517 out of 550 shares, or 94 per cent, of the stock in the Craig Coal & Mining Co. During the year there were some changes in ownership, but such transfers were practically all made by owners of the stock at the beginning of the year to those who owned stock at the close of the year and the percentages of stock ownership were not materially changed. At the close of 1919 the stockholders owning all of the stock in the North McAlester Coal Co. owned 517 shares, or 94 per cent, of the stock in the Craig Coal & Mining Co. These being the facts, there is only one question to be determined, and that is, whether or not the proportions in which the stock of the two corporations was held varied to such an extent that it can not be said that " substantially all the stock " was " owned or controlled by the same interests." We think not. The operation and management clearly indicate that the control, as well as the

ownership, of the two corporations was in the same interests. The two companies occupied the same offices. Their offices were identical, and the employees of the North McAlester Coal Co. performed the services for the Craig Coal & Mining Co. The expenses for salaries and such like were not allocated but were arbitrarily divided. Such funds as the Craig Coal & Mining Co. had were handled through the other corporation and deficits in operations were made up by the latter. Finally, when the Craig Coal & Mining Co. was sold, the receipts were turned over to the North McAlester Coal Co. *in toto* and the account of the former corporation was charged off on its books.

From an examination of the stockholdings and of the management and operation of the two companies, it is evident that substantially all of the stock was owned and controlled by the same individuals, and as we said in the *Appeal of Midland Refining Co.*, 2 B. T. A. 292:

It seems to follow, naturally, if a group of individuals owns or controls substantially all of the stock of both corporations, and if such ownership or control is by all exercised for one purpose, namely, the joint success of the corporations, that these individuals meet the requirements of the words " the same interests."

> *Judgment will be entered on 15 days' notice, under Rule 50.*